UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RALSTON BROWN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:10-cv-833 (CFD) |
| | : | |
| STATE FARM FIRE AND CASUALTY | : | |
|  COMPANY, | : | |
|     Defendant. | : | |

**RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT**

The plaintiff, Ralston Brown, has filed a *pro se* complaint against the defendant, State Farm Fire and Casualty Company ("State Farm"), alleging breach of an insurance contract.[1] State Farm has filed a motion for summary judgment, arguing that Brown's breach of contract claim is barred by the two-year suit limitation provision in the insurance policy. For the reasons that follow, the Court grants State Farm's motion for summary judgment and also denies Brown's second motion for leave to amend his complaint.

**I.    Factual Background**[2]

---

[1] On September 2, 2010, Brown filed his first motion for leave to amend his complaint (Dkt. # 9), alleging a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"). The Court denied this motion because it would be futile to allow Brown to add a CUTPA claim because he has not alleged that the asserted unfair claim settlement practice has been committed by State Farm with such frequency as to indicate a general business practice.
    On November 12, 2010, Brown filed his second motion for leave to amend his complaint (Dkt. # 24), alleging the following additional causes of action: "DTPA," breach of fiduciary duty, negligence, and fraud.

[2] The following facts are taken from the parties' Local Rule 56(a) statements, summary judgment briefs, affidavits, and other evidence submitted by the parties. They are undisputed unless otherwise indicated.

State Farm issued a "Business Policy," No. 97-BN-0439-3, to Brown for the policy period September 14, 2005 to September 14, 2006, as well as a homeowner's policy for the same property and the same coverage period.[3] The Business Policy insured the property located at 100 Harral Avenue in Bridgeport, Connecticut.[4] State Farm claims that Brown failed to make the payments necessary to keep his insurance policies in force, and on April 6, 2006, State Farm cancelled both the homeowners policy and Business Policy for non-payment of premiums. On April 21, 2006, a fire damaged Brown's building at Harral Avenue. Later that day, Brown attempted to pay the amounts he owed to State Farm to reinstate both of his policies. Brown subsequently filed a claim for coverage under his homeowners policy, but State Farm denied his claim because it had cancelled his policy for non-payment of premiums.

On May 27, 2010, Brown filed this suit alleging that State Farm breached the Business Policy by denying coverage for the loss. The Business Policy contains a suit limitation provision, which expressly limits the time for filing an action against State Farm. Under the Conditions section, the Business Policy provides in relevant part:

---

[3] State Farm issued a homeowners policy, No. 07-BJ-6005-1, to Brown for the policy period September 10, 2005 to September 10, 2006. Brown has brought a similar suit in state court, alleging that State Farm wrongfully denied coverage under the homeowners policy. This action is entitled Brown v. State Farm Fire and Cas. Co., Case No. CV-07-5008258-S, and was filed in the Superior Court for the Fairfield Judicial District at Bridgeport.

[4] Brown claims that he never requested a Business Policy to insure his property at 100 Harral Avenue because he did not have a restaurant at that location. Instead, he claims that he requested a Business Policy to insure his nearby property at 328-330 Pequonnock Street. State Farm claims that Brown requested a Business Policy for his 100 Harral Avenue property in his application for business insurance. State Farm also admits that it stated that "[a]n errant address did exist for the Business policy insured by Mr. Brown, however, as the loss location did not house the restaurant and the restaurant did not sustain a loss, the incorrect address is not relevant to the Homeowner policy in question."

>**Legal Action Against Us.**  No one may bring legal action against us under this insurance unless:
>>a.    there has been full compliance with all of the terms of this insurance; and
>>b.    the action is brought within two years after the date on which the accidental direct physical loss occurred.  But if the law of the state in which this policy is issued allows more than two years to bring action against us, that longer period of time will apply.

On November 11, 2010, State Farm moved for summary judgment, arguing that Brown's breach of contract cause of action is time-barred under the suit limitation provision in the Business Policy.  On the same day, Brown moved for leave to amend his complaint to add claims for violations of the CUTPA and "DTPA," breach of fiduciary duty, negligence, and fraud.

**II.**     **Discussion**

   A.     Motion for Summary Judgment

      1.     Summary Judgment Standard

In a summary judgment motion, the burden is on the moving party to establish that there are no genuine disputes of material fact and that it is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Eng'g Corp., 221 F.3d 293, 300 (2d Cir. 2000); Carlton v. Mystic Transp., Inc., 202 F.3d 129, 133 (2d Cir. 2000) (citing Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1223 (2d Cir. 1994)).  Once the moving party has met its burden, in order to defeat the motion the non-moving party must "set forth specific facts showing that there is a genuine issue for trial," Anderson, 477 U.S. at 255, and present such evidence as would allow a jury to find in his favor. Graham v. Long Island R.R., 230 F.3d 34, 38 (2d Cir. 2000).

In assessing the record, the trial court must resolve all ambiguities and draw all inferences

in favor of the party against whom summary judgment is sought.  See Anderson, 477 U.S. at 255; Graham, 230 F.3d at 38.  "This remedy that precludes a trial is properly granted only when no rational finder of fact could find in favor of the non-moving party."  Carlton, 202 F.3d at 134.  Consistent with this standard, all evidence favorable to the non-moving party must be credited if a reasonable jury could credit it.  Evidence favorable to the moving party, on the other hand, must be disregarded unless a reasonable jury would have to credit it because it comes from a disinterested source and is uncontradicted and unimpeached.  See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150–51 (2000).  "When reasonable persons, applying the proper legal standards, could differ in their responses to the question" raised on the basis of the evidence presented, the question must be left to the jury.  Sologub v. City of New York, 202 F.3d 175, 178 (2d Cir. 2000).

Where one party is proceeding *pro se*, the court must read that party's papers liberally and interpret them to raise the strongest arguments suggested.  See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  "Despite this liberal interpretation, however, an unsupported assertion cannot overcome a properly supported motion for summary judgment."  Hasfal v. City of Hartford, No. 06-cv-55, 2009 WL 1870871, at *1 (D. Conn. June 25, 2009) (citing Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991)).

    2.  Breach of Contract Claim

The Business Policy provides, as a condition to bringing suit against State Farm, that "no one may bring legal action against us under this insurance unless . . . the action is brought within two years after the date on which the accidental direct physical loss occurred."  State Farm argues that Brown's breach of contract claim is time-barred, as Brown brought suit on May 27, 2010,

over four years after the date of loss. "The Connecticut Supreme Court has long held that a contractual condition in an insurance policy requiring an action to be brought with[in] a particular time period 'is a part of the contract . . . [and] is valid and binding upon the parties.'" Gore v. Colonial Penn Ins. Co., 335 F. Supp. 2d 296, 302 (D. Conn. 2004) (quoting Chichester v. New Hampshire Fire Ins. Co., 74 Conn. 510, 513 (1902)). "[C]ontracting parties are free to adopt an unambiguous contract provision limiting the time in which an insurance claim must be filed; and that, when they do so, failure to comply with the terms therein bar[s] recovery." Voris v. Middlesex Mut. Assurance Co., 297 Conn. 589, 600 (2010) (citations omitted). Such a time limitation condition does not operate as a statute of limitations; it "is a part of the contract so that it controls the rights of the parties under the contract and, hence, such rights must be governed by the rules of law applicable to contracts." Monteiro v. Am. Home Assurance Co., 177 Conn. 281, 283 (1979). "Thus, plaintiffs' non-compliance with such a provision is a complete defense, unless the plaintiff in his reply alleges facts sufficient in law to excuse his nonperformance of the condition." Gore, 335 F. Supp. 2d at 302 (citation omitted); see also Monteiro, 177 Conn. at 286 (holding that plaintiff's failure to file suit in accordance with the insurance policy's terms was not excused due to the plaintiff's inadvertence or inattention).

   The suit limitation provision in the Business Policy further provides that "if the law of the state in which this policy is issued allows more than two years to bring legal action against us, that longer period of time will apply." State Farm argues that Conn. Gen. Stat. § 38a-307 expressly permits such a two-year suit limitation provision.[5] Although Section 38a-307 sets forth

---

[5] Section 38a-307 sets forth the standard form for fire insurance policies in Connecticut, which includes the following provision: "Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within eighteen months next after

the standard form for fire insurance policies, Connecticut courts have construed homeowner's insurance policies that insure against fire loss to include the suit limitation provision in this statute. See, e.g., Bocchino v. Nationwide Mut. Fire Ins. Co., 246 Conn. 378, 379–80 (1998); Boyce v. Allstate Ins. Co., 236 Conn. 375, 377 n.4 (1996); Riggs v. Standard Fire Ins. Co., CV05010671S, 2006 Super. LEXIS 407, at *1–5 (Conn. Super. Ct. Feb. 7, 2006). The same reasoning would seem to apply to fire insurance coverage in business policies. Here, the Business Policy covers all "accidental direct physical loss" to the insured property unless the loss is specifically excluded. The Business Policy covers fire loss because it is not specifically excluded; thus, a suit limitation provision of at least twelve months is required by Conn. Gen. Stat. § 38a-307.[6] See Bocchino, 246 Conn. at 380. However, a longer period is not required under the statute.

Because Connecticut state law does not specifically "allow more than two years to bring legal action" against an insurance company, Brown's claim for breach of contract against State Farm must have been made within the contractually specified time period of two years. Brown did not file his action within two years from the date of the loss and he did not allege sufficient facts to excuse his nonperformance.[7] Thus, the Court finds that his action is time-barred. See

---

inception of the loss." Conn. Gen. Stat. § 38a-307 (2011). At the time of the loss in this case, Section 38a-307 provided a twelve-month suit limitation period. See Conn. Gen. Stat. § 38a-307 (2006). This statute sets forth the required minimum period of time for suit under such policies.

[6] Connecticut state law also generally prohibits contractual suit limitation provisions in insurance policies that are less than one year. See Conn. Gen. Stat. § 38a-290 (2011). As Conn. Gen. Stat. § 38a-307 sets forth a longer period for fire insurance, the latter controls.

[7] Brown argues that because State Farm admitted that the Business Policy contained an errant address, he could not bring suit on the Business Policy for coverage of the loss at 100 Harral Avenue. Brown also brought suit in state court arguing that State Farm should credit the premiums he paid on the Business Policy to his homeowners policy so that his homeowners

Monteiro, 177 Conn. at 286 (affirming the trial court's granting of summary judgment in favor of the insurer because the plaintiff failed to bring suit within the one-year contractual limitation provision).

  B.  Motion for Leave to Amend the Complaint

Under Fed. R. Civ. P. 15(a), the court should freely give leave to amend a complaint when justice so requires. "However, it is well established that leave to amend a complaint need not be granted when amendment would be futile." Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003); see also Jones v. New York State Div. of Military & Naval Affairs, 166 F.3d 45, 50 (2d Cir. 1999) ("[A] district court may properly deny leave when amendment would be futile."); Fulton v. Goord, 591 F.3d 37, 45 (2d Cir. 2009) ("We are normally accommodating to motions for leave to amend *pro se* complaints, but may deny them when amendment would be futile." (citations omitted)). "An amendment is futile when the proposed new claims would not withstand a motion to dismiss." Lyddy v. Bridgeport Bd. of Educ., Civ. No. 3:06CV1420 (AHN), 2008 U.S. Dist. LEXIS 98328, at *8 (D. Conn. Dec. 4, 2008); see also Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001).

Here, Brown's proposed amended complaint alleges that the "plaintiff requests a [CUTPA,[8] "DTPA," Breach of Fiduciary Duty, Negligence, and Fraudulent] claim against State

---

policy would have been in effect at the time of the fire. State Farm has refused to do this, and, in response, has argued that Brown requested business insurance for 100 Harral Avenue. As a result, Brown brought this suit to collect under the Business Policy. These claimed facts, even if true, are not sufficient in law to excuse Brown's nonperformance of the two-year contractual suit limitation condition.

 [8] The Court has already denied Brown's first motion to amend adding a CUTPA claim because it would be futile.

Farm."  The Court finds that allowing Brown to add these new causes of action would be futile for the reasons set forth below and, therefore, denies his second motion to amend his complaint.

### 1. DTPA

In Brown's proposed amended complaint, he "requests a DTPA claim against State Farm."  Brown does not specify what "DTPA" means.  State Farm construes this claim as a claim alleging a violation of the CUTPA.  The Court agrees and, as such, this claim is the same as Brown's proposed CUTPA claim which the Court has already rejected as futile because Brown has not alleged that the asserted unfair claim settlement practice had been committed by the Defendant with such frequency as to indicate a general business practice.  See Lees v. Middlesex Ins. Co., 229 Conn. 842, 850 (1994).

### 2. Breach of Fiduciary Duty

Brown's proposed breach of fiduciary duty claim is futile because Brown failed to prove the existence of a fiduciary relationship.  See Friedman v. Liberty Mut. Ins. Co., FBTCV095029084S, 2010 Conn. Super. LEXIS 1107, at *6 (Conn. Super. Ct. May 6, 2010) ("To assert a claim for breach of a fiduciary duty the plaintiff has the burden of proving the existence of a fiduciary relationship.").  "Connecticut courts have held that the relationship between an insurer and insured is not a fiduciary one, but is based solely on contract." McCulloch v. Hartford Life and Acc. Ins. Co., 363 F. Supp. 2d 169, 189 n.6 (D. Conn. 2005). "While there may be circumstances, particularly when dealing with third-party claims, in which fiduciary-like duties may be placed on the insurer to benefit the insured, such situations do not arise in first party disputes between insurer and insured."  Sheltry v. Unum Life Ins. Co. Of Am.,

247 F. Supp. 2d 169, 178 (D. Conn. 2003); see also Namerow v. Travelers Ins. Co., CV 970568124S, 1998 Conn. Super. LEXIS 2988, at *1 (Conn. Super. Ct. Oct. 19, 1998) ("While the contract may impose obligations of good faith and fair dealing upon the insured, no fiduciary relationship is thereby created.").

Because Brown has alleged only a contractual relationship between himself and State Farm the Court concludes that he has failed to plead sufficient facts to establish a claim for breach of fiduciary duty.  See, e.g., Friedman, 2010 Conn. Super. LEXIS 1107, at *9 (granting motion to strike breach of fiduciary duty claim where plaintiff did not suggest that insured and insurer "entered into anything other than an insurance transaction" and, therefore, although the insurer was bound by the terms of the insurance contract, this did not create a fiduciary relationship between the parties); Namerow, 1998 Conn. Super. LEXIS 2988, at *1 (granting motion to strike because no fiduciary relationship existed between the insured and the insurer).

    3.    Negligence

Brown's proposed negligence claim based on his allegation in his complaint that "Stat[e] Farm agent John Riley made serious mistake and mishandling to policy number 97-BN-0439-3 that coverage is questioned" is futile because it is barred by the applicable statute of limitations under Connecticut state law.[9]  Conn. Gen. Stat. § 52-577 provides: "No action founded upon a

---

[9] Brown's proposed negligence claim against State Farm may also be subject to the two-year suit limitation period in the Business Policy because the claim "arises out of" the Business Policy.  Two Connecticut decisions have held that tort claims against an insurer are suits that "arise out of" the insurance policy and, as such, are subject to the policy's suit limitation provision.  See Hawley Enters., Inc. v. Reliance Ins. Co., 621 F. Supp. 190, 193 (D. Conn. 1985) (holding that plaintiff's bad faith claim is barred by the suit limitation provision); Zieba v. Middlesex Mut. Assurance Co., 549 F. Supp. 1318, 1323 (D. Conn. 1982) (holding that plaintiff's breach of good faith and fair dealing, deceit, and breach of fiduciary duty claims are barred by the suit limitation provision).  But cf. Lees v. Middlesex Ins. Co., 219 Conn. 644,

tort shall be brought within three years from the date of the act or omission complained of." "[T]he three-year limitation of § 52-577 is applicable to all actions founded upon a tort which do not fall within those causes of action carved out of § 52-577 and enumerated in § 52-584 or another section." Erik's Design Build Assocs. v. Caterino, CV095009858, 2010 Conn. Super. LEXIS 1858, at *9–10 (Conn. Super. Ct. July 20, 2010) (citing Travelers Indem. Co. v. Rubin, 209 Conn. 437, 441 (1988)).  Conn. Gen. Stat. § 52-584 provides in relevant part: "No action to recover damages for injury to the person, or to real or personal property, caused by negligence . . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered, and except that no such action may be brought more than three years from the date of the act or omission complained of . . . ."  "[S]ince both statutes require that an action must be commenced within three years from the date of the alleged negligent conduct, the outcome is the same regardless of which statute applies."  J.E. Robert Co. v. Signature Props., LLC, HHDCVX04075026084S, 2010 Conn. Super. LEXIS 450, at *8–9 (Conn. Super. Ct. Mar. 1, 2010).  Because the alleged negligent conduct of John Riley in "mishandling" the Business Policy occurred prior to April of 2006, over four years before Brown filed his complaint, Brown's negligence claim is time-barred.

       4.    Fraud

Brown's proposed fraud claim is futile because he failed to meet the heightened pleading requirements set forth in Fed. R. Civ. P. 9(b) which requires a party alleging fraud or mistake to

---

651–53 (1991) (holding that plaintiff's CUTPA and CUIPA claims are not subject to the contractual suit limitation provision).

"state with particularity the circumstances constituting fraud or mistake." The Second Circuit has read Rule 9(b) to require that a complaint: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Rombach v. Chang, 355 F.3d 164, 170 (2d Cir. 2004). Here, Brown merely pled that he "requests a Fraudulent claim against State Farm." Because Brown's proposed fraud claim does not meet Rule 9(b)'s stringent pleading requirements, this Court finds that allowing Brown to amend his complaint to add this claim would be futile. See Spotts v. Humphrey, Civ. No. 3:10CV00058 (PCD), 2010 U.S. Dist LEXIS 56756, at *8–11 (D. Conn. June 9, 2010) (granting motion to dismiss fraud claim for failure to comply with Rule 9(b)).

Further, even if Brown had met the pleading requirements, his proposed fraud claim is barred by the applicable statute of limitations under Connecticut state law. Under Conn. Gen. Stat. § 52-577, Brown must have brought his fraud claim within three years from the date of the alleged fraudulent conduct. Because the alleged fraudulent conduct of State Farm occurred prior to April of 2006, over four years before Brown filed his compliant, Brown's fraud claim is time-barred.

### III.   Conclusion

Accordingly, the defendant's motion for summary judgment [Dkt. # 26] is GRANTED and the plaintiff's motion for leave to amend his complaint [Dkt. # 24] is DENIED. The Clerk is ordered to close this case.

SO ORDERED this  20th  day of September 2011, at Hartford, Connecticut.

/s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**